[Hamilton Circuit Court, June, 1895.]

THE BUTCHERS' AND DROVERS' BUILDING AND SAVINGS CO. v. WOODWARD.

SUFFICIENCY OF WHEN IT DOES NOT APPEAR THAT THE BILL CONTAINS ALL THE EVIDENCE.

> A judgment will not be reversed for alleged error in the trial court's refusing to grant a new trial on the ground that the verdict or judgment is against the weight of the evidence, unless the bill of exceptions affirmatively and clearly shows that all of the evidence heard by the court is embodied therein.

SMITH, J.

We are of the opinion that if the evidence offered in the case by the plaintiff below (Woodward), as shown by the bill of exceptions, was all of the evidence offered by him, that the court of common pleas ought to have granted the motion of the defendant below for a non-suit, or judgment for the defendant. We think that there was no evidence tending to prove the claim of the plaintiff, and if the evidence set out in the bill of exceptions was all the evidence offered in the case, we think the court should have granted the motion for a new trial—for the evidence offered by the defendant did not tend to supply the defects in the plaintiff's evidence, or to make out a case for him.

But the difficulty in the case is, that the bill as allowed does not expressly state, nor does it otherwise appear that it contains all of the evidence offered and received. For all that appears therefrom there might have been other evidence offered, which justified both rulings of the court which are complained of. The law that a judgment will not be reversed for alleged error in the trial court refusing to grant a new trial on the ground that the verdict or judgment is against the weight of the evidence, unless the bill of exceptions affirmatively and clearly shows that all of the evidence heard in the trial court is before the reviewing court, is too clear to need any citation of authorities. The same rule is applied by the supreme court in 17 Ohio, 439, to the action of the trial court in refusing to grant a non-suit. The judgment must therefore be affirmed.

*Albert T. Brown* and *Vincent Schwab*, for Plaintiff in Error.

*M. F. Galvin, contra.*